**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sanyo Lidy,              )<br>                          )<br>         Plaintiff,      )<br>                          )<br>   v.                     )<br>                          )<br>Joseph Arpaio,            )<br>                          )<br>         Defendant.       ) | CV-06-326-PHX-LOA<br><br>ORDER SETTING SCHEDULING<br>CONFERENCE |

This matter has been assigned to the undersigned United States Magistrate Judge. Pursuant to LRCiv.16.2(b)(3), Rules of Practice of the United States District Court for the District of Arizona, as modified on December 1, 2005, this action is designated a standard track case.

Accordingly,

**IT IS ORDERED**:

(1) This Order shall serve as notice to plaintiff(s) under Rule 4(m), Fed.R.Civ.P., that the Court may dismiss this action without further notice with respect to any defendant for whom there is not a proper return of service on file establishing that service of process was accomplished within 120 days of the filing of the complaint, unless plaintiff(s) has (have) filed prior to the expiration of the 120-day service period a motion requesting and showing good cause for an extension of time to accomplish service.

(2) Plaintiff(s) shall promptly serve a copy of this Order on all defendants who have not filed an appearance with the Court, either with service of process or promptly after receipt of this Order if service or waiver of service was accomplished prior to such receipt, and shall promptly file a notice of such service.

**IT IS FURTHER ORDERED** that a scheduling conference will be held pursuant to Rule 16(b), F.R.Civ.P., before the undersigned on **August 21, 2006 at 10:30 a.m.** in Courtroom 302, Third Floor, Sandra Day O'Connor United States Courthouse, 401 West Washington Street, Phoenix, AZ.  At least one of the attorneys for each party attending the conference shall have authority to enter into stipulations and make admissions regarding all matters which may be discussed.  See, Rule 16(c), FED.R.CIV.P.

Parties are directed to meet at least fourteen (14) days before the conference, in accordance with Rule 26(f), F.R.Civ.P., to discuss the following matters:

A.  Any matters relating to jurisdiction or venue or the joinder of additional parties;

B.  The nature and bases of their claims and defenses and the possibilities for a prompt settlement or resolution of the case;

C.  A schedule of all pretrial proceedings;

D.  Modification of pretrial procedures due to the simplicity or complexity of the case;

E.  Arrangements for initial disclosures in compliance with Rule 26(a)(1), F.R.Civ.P. Unless otherwise stipulated or directed by the Court, initial disclosures shall be made at or within 10 days after the meeting of the parties.

F.  Discussions shall include a discussion on whether each side possesses information in electronic form, whether they intend to produce such material, whether each other's software is compatible, whether there exists any privilege issue requiring redaction, and how to allocate costs involved with each of the foregoing. See, In re Bristol-Myers Squibb Securities Litigation, 205 F.R.D. 437 (D.N.J. 2002)(Rule 26(a)(1)(B) requires a party to disclose "computerized data and other electronically recorded information" already in the possession of the party but not transformation of electronic data for trial preparation purposes).

G.  Any other matters which counsel believe may help dispose of the matter in an efficient manner.

H.  Counsel shall file with the Court not less than three (3) business days before the scheduling conference, a **joint report** reflecting the results of their meeting and outlining the

2

discovery plan. The report shall include individually numbered brief statements indicating:

    1. The nature of the case: the factual and legal basis of plaintiff's(s') claims and defendant's(s') defenses.

    2. The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions.

    3. The federal jurisdictional basis of the case citing specific statutes.

    4. The parties, if any, that have not been served.

    5. Whether there are dispositive or partially dispositive issues to be decided by pretrial motions.

    6. Whether the case is suitable for reference to alternative dispute resolution, LRCiv. 83.10.

    7. The status of related cases pending before other Judges of this Court or before other courts.

    8. Suggested changes, if any, in the limitations on discovery imposed by Rule 26(b)(2), FRCvP. Counsel are expected to comply with these discovery limitations to minimize the expense of discovery and cost of litigation.

    9. A statement of when initial disclosures were made or will be made, or any proposed changes in the requirements for initial disclosures set forth in Rule 26(a), F.R.Civ.P.

    10. Proposed deadlines for:

        (a) filing motions to amend pleadings and motions to join additional parties;

        (b) disclosure of expert testimony under Rule 26(a)(2)(C), F.R.Civ.P.;

        (c) completing discovery;

        (d) filing dispositive motions; and

        (e) filing a pretrial statement

        (f) suggested date(s) for the final pretrial conference and trial.

    11. Estimated length of trial.

12. Whether a jury trial has been requested.

13. The prospects for settlement. Does any party wish to have a settlement conference before this or another Magistrate Judge? How can settlement efforts be assisted?

14. Any unusual, difficult, or complex problems affecting the conduct of the case.

15. Any other matters which counsel believe will aid in expediting the disposition of this matter efficiently.

After the conference, the Court may enter an Order limiting the time within which counsel may complete discovery, file dispositive motions and file the joint pretrial statement. The Court's Order shall control the course of the action unless modified by subsequent Order.

**IT IS FURTHER ORDERED** that counsel and any party, if unrepresented, shall hereinafter comply with the Rules of Practice for the United States District Court for the District of Arizona, as amended on December 1, 2005. The District's Rules of Practice may be found on the District Court's internet web page at www.azd.uscourts.gov/. All other rules may be found as www.uscourts.gov/rules/. The fact that a party is acting pro se does not discharge this party's duties to "abide by the rules of the court in which he litigates." Carter v. Commissioner of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986).

DATED this 21st day of July, 2006.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge

4