**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Sanyo Lidy, | ) | No. CV-06-326-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph Arpaio, | ) | |
| Defendant. | ) | |

This is the time set for the Rule 16 (b), FED.R.CIV.P. Scheduling Conference. Plaintiff is neither present nor represented by counsel. Defendant Joseph Arpaio ("Sheriff Arpaio") is represented by counsel, Lisa Stelly-Wahlin., CSO Greg Dottavio and court reporter, Liz Lemke, are also present. All parties have heretofore consented to magistrate judge jurisdiction pursuant to 28 U.S.C. §636(c). (docket # 4 and # 13)

Plaintiff's Complaint claims his constitutional rights were violated because he was housed in the Durango Jail, which is allegedly a "condemned facility;" that he was "exposed to infectious viruses and cancerous materials," presumably due to overcrowding[1] and that his constitutional rights were violated because he was fed only twice a day and, as a result, he was malnourished. (docket # 1) The Complaint fails to set forth Plaintiff's dates of confinement. Due to a residential return address on the Complaint, Plaintiff was not likely incarcerated in the

---

[1] The Complaint does not use the word "overcrowding" or set forth specific facts of how Plaintiff was intentionally exposed to infectious viruses and cancerous materials.

Maricopa County Jail on January 27, 2006 when he filed his Complaint. The Complaint, therefore, has not been screened pursuant to 26 U.S.C. § 1915(A) because Plaintiff does not meet the definition of "prisoner" found at 26 U.S.C. § 1915(A)(c) at the time of the filing of his Complaint. Pending for ruling is Defendant's Motion for Judgment on the Pleadings. (docket # 25)

Plaintiff is hereby advised that his failure to appear at future court proceedings, failure to notify the Clerk in writing of a change in address or failure to comply with court orders or the District Court's Local Rules may result in the dismissal of this litigation with prejudice. The Court also informs Plaintiff that although *pro se* pleadings may be held to less stringent standards than those prepared by attorneys, *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir.1998)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)), *pro se* litigants must "abide by the rules of the court in which he litigates." *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986). The United States Supreme Court has made clear: federal "judges have no obligation to act as counsel or paralegal to pro se litigants" because requiring trial judges to explain the details of federal procedure or act as the pro se's counsel "would undermine district judges' [or magistrate judges'] role as impartial decision makers." *Pliler v. Ford*, 542 U.S. 225, 124 S.Ct 2441, 2446 (2004).[2]

///

---

[2] *Pliler v. Ford*, 542 U.S. 225, 124 S.Ct 2441, 2446 (2004) provides, in part: "[W]e hold that federal district [and magistrate] judges are not required to give pro se litigants these two warnings. [Trial] judges have no obligation to act as counsel or paralegal to pro se litigants. In *McKaskle v. Wiggins*, 465 U.S. 168, 183-184, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984), the Court stated that "[a] defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure" and that "the Constitution [does not] require judges to take over chores for a pro se defendant that would normally be attended to by trained counsel as a matter of course." See also *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist*., 528 U.S. 152, 162, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000) ("[T]he trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for the defendant that counsel would normally carry out"). . . ."

**Rule 16(f) Case Management Plan**

Pursuant to the parties' partial stipulations in their joint Rule 16(f) Proposed Case Management Plan (docket # 30), filed on January 10, 2007, the Court will hereinafter set the various deadlines for the judicial management of this case.

**IT IS ORDERED** that the parties shall comply with the following deadlines. The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly. Stipulations extending the time for the doing of any act required by the Court or the Rules of Civil Procedure will be treated as a joint motion subject to Court approval. LRCiv. 7.3; *Gestetner Corp. v. Case Equipment Company*, 108 F.R.D. 138 (D. Maine 1985)(good cause not shown to amend scheduling order); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir.1994)("Federal Rule of Civil Procedure 16 is to be taken seriously"). Continuances of these deadlines may be granted only upon a showing of good cause and by leave of the assigned trial judge. Settlement negotiations, however, do not constitute good cause.

1. No party has made his Rule 26(a) initial disclosures prior to today. Each party shall exchange his Rule 26(a) initial disclosures by **February 28, 2007**.

2. Filing motions to amend pleadings and motions to join additional parties by **January 30, 2007**.[3]

3. Because the Court believes that staggered expert disclosure is more fair and will less likely result in requests for modification of these deadlines, Plaintiff's disclosure of expert testimony and reports required under Rule 26(a)(2)(B), Fed.R.Civ.P. shall be made by

---

[3] Counsel and Plaintiff are forewarned about the Ninth Circuit's interpretation of Rule 15 *vis a vis* Rule 16. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir.1992) (once scheduling order is filed pursuant to Rule 16(b), the good cause standard controls over the Rule 15(a) standard) In *Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1294 (9th Cir. 2000):

Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend.

**June 1, 2007.** Defendant's disclosures of expert testimony and reports required under Rule 26(a)(2)(B), Fed.R.Civ.P., shall be made by **July 6, 2007.** Plaintiff's disclosure of true rebuttal expert testimony and reports solely to contradict or rebut evidence as required under Rule 26(a)(2)(C), Fed.R.Civ.P. shall be made by **August 3, 2007**.

Each testifying expert witness (regardless of whether such expert witness has or has not been specifically retained for this case, such as, a treating physician, or if the expert is an employee of the calling party) shall provide a written report to the adverse party as required by Rule 26(a)(2)(B). *Minnesota Mining and Manufacturing Co. v. Signtech USA, Ltd.*, 177 F.R.D. 459 (D. Minn. 1998).

Any expert witness not timely disclosed will not be permitted to testify unless the party offering such witness demonstrates: (a) that the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the Court and opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) that such expert witness was promptly proffered for deposition. *Wong v. Regents of the University of California*, 379 F.3d. 1097 (9th Cir. 2004); Rule 37(c)(1), FED.R.CIV.P.

4. Completion of all discovery: no later than **sixty (60) days** after the Clerk's entry of the Court's ruling on the dispositive issues of a constitutional violation(s) and entitlement to qualified immunity or **October 5, 2007**, whichever is later.

5. Filing a dispositive motion regarding the separate or mixed issues of whether Plaintiff has alleged a constitutional violation(s) and whether Defendant is entitled to qualified immunity: **April 13, 2007**.[4] Filing dispositive motions regarding all other issues no

---

[4] *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Robinson v. Solano County*, 278 F.3d 1007, 1012 (9th Cir. 2002)(citing *Katz* "'A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? ... In the course of determining whether a constitutional right was violated on the premises alleged, a court might find it necessary to set forth principles which will become the basis for a holding that a right is clearly

- 4 -

1 later than **sixty (60) days** after the completion deadline of discovery. No party shall file more
2 than one motion for summary judgment under Rule 56 of the Federal Rules of Civil
3 Procedure unless permission is first obtained, by joint telephone call, from the Court.

4       The parties are advised that the Court has various audio/visual and evidence
5 presentation equipment available for use at an evidentiary hearing or trial at no cost to the
6 Bar and any unrepresented party.  This equipment includes an evidence presentation system,
7 which consists of a document camera, digital projector, and screen.  The projector may be
8 used to display images which originate from a variety of sources, including television, VCR,
9 and personal computer.  The document camera may be used to display documents,
10 photographs, charts, transparencies, and small objects.  For further information please contact
11 the Court's A/V Specialist, Brian Lalley at (602) 322-7131.

12       Pursuant to Rule 611(a), Fed. Rules of Evid., the Court will not permit counsel
13 or any unrepresented party during the trial to publish a document or other tangible item to
14 individual jurors except to the jury as a whole through the courtroom's audio/visual
15 equipment in order to avoid the needless consumption of time.

16       **IT IS FURTHER ORDERED** that the Court may set an informal Status
17 Conference after the Court's ruling on all dispositive motions, after completion of all
18 discovery if no dispositive motion is anticipated or upon written request from any party to
19 discuss the setting of a trial and all issues related thereto, i.e. the length and times of trial,
20 motions in *limine*, *Daubert*[5] hearings, etc.  Counsel shall bring their calendars with them to
21 said conference.

---

established. This is the process for the law's elaboration from case to case, and it is one reason for our insisting upon turning to the existence or nonexistence of a constitutional right as the first inquiry.'")

[5] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

1 **IT IS FURTHER ORDERED** that the parties shall keep the Court apprised of
2 the possibility of settlement and should settlement be reached, the parties shall immediately
3 file a Notice of Settlement with the Clerk of the Court with a copy to this Court's chambers.
4 This Court views compliance with the provisions of this Order as critical to its case
5 management responsibilities and the responsibilities of the parties under Rule 1 of the
6 Federal Rules of Civil Procedure.

7 **IT IS FURTHER ORDERED** that all counsel and any unrepresented party
8 shall comply with the Rules of Practice for the United States District Court for the District of
9 Arizona ("Local Rules") and the Standards for Professional Conduct for attorneys practicing
10 in this federal court. The District's Rules of Practice and Standards may be found on the
11 District Court's internet web page at www.azd.uscourts.gov/. Although not an attorney,
12 Plaintiff shall comply with the Standards for Professional Conduct.

### **Motion for Judgment on the Pleadings**

14 Defendant's Rule 12(c),[6] FED.R.CIV.P., Motion for Judgment on the Pleadings
15 (docket # 25), filed on November 17, 2006, claims that judgment should be entered in favor
16 of Sheriff Joe Arpaio on Plaintiff's Complaint. Defendant writes, among other things, that

---

[6] The Federal Rules of Civil Procedure 12 provides several means by which a party by obtain pre-trial dismissal of an action: a motion for dismissal for failure to state a claim under Rule 12(b)(6), and a motion for judgment on the pleadings under rule 12(c). *McSherry v.City of Long Beach*, 423 F.3d 1015, 1020 (9th Cir. 2005).

A motion to dismiss under Rule 12(b)(6) must be made before a responsive pleading has been filed. Fed.R.Civ.P. 12(b)(6). On the other hand, Federal Rule of Civil Procedure 12(c) provides that "[*a*]*fter the pleadings are closed* but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c)(emphasis added). For purposes of Rule 12(c), the pleadings are closed once a complaint and answer have been filed, assuming that no counterclaim or cross-claim has been asserted. *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. )(citing Fed.R.Civ.P. 7(a)).

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) should be granted where, taking all of the allegations in the pleadings as true, it appears that movant is entitled to judgment as a matter of law. *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003) (citing *Fajardo v. County of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999)); *McSherry*, 423 F.3d at 1021 (citing *Owens v. Kaiser Foundation Health Plan, Inc*., 244 F.3d 708, 713 (9th Cir. 2001)).

"Plaintiff has not alleged sufficient facts to establish that Defendant Arpaio is individually liable or liable in his official capacity;" that Plaintiff has not alleged "that Defendant Arpaio took direct action to cause any deprivation of Plaintiff's constitutional rights" as a policy maker; and that Plaintiff has not alleged "that any deficiency in Maricopa County Sheriff's Office policies led to a deprivation of his constitutional rights." (docket # 25 at 1, 3 and 4) Additionally, no specific injury is alleged in the Complaint other than the general reference that Plaintiff suffered "cruel and unusual punishment by being neglected in the way of malnutrition." (docket # 1)  Plaintiff has failed to file any response in opposition to the dispositive motion.

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir.1989).  In addition, to state a valid claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

To state a claim regarding conditions of confinement, a plaintiff must allege that a jailor's acts or omissions have deprived him of "the minimal civilized measure of life's necessities" and that the jailor acted with deliberate indifference to an excessive risk to inmate health or safety. *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir.1994) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994); *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049-50 (9th Cir.2002). While allegations of overcrowding alone are insufficient to state a claim, *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981), when overcrowding causes an increase in violence or reduces the provision of other constitutionally required services, or reaches a level where the institution is no longer fit for human habitation, the inmate's right against cruel and unusual punishment may be violated, *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir.1989); *Toussaint v. Yockey*, 722 F.2d 1490, 1492 (9th Cir.1984).

Although Sheriff Arpaio may properly be sued for constitutional violations, Plaintiff fails to state a claim against him. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir.2001). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Plaintiff has not alleged that Sheriff Arpaio enacted or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's civil rights. Further, Plaintiff has not alleged that Sheriff Arpaio directly violated his constitutional rights or that Sheriff Arpaio was aware that Plaintiff's rights were being violated but failed to act. Thus, Plaintiff fails to state any claim against Sheriff Arpaio in his Complaint.

In Count I, Plaintiff does not allege any facts to support that such overcrowding resulted in an increase in "exposure to infectious viruses and cancerous materials" in the so-called "condemned facility" such that the jail is or was no longer fit for habitation. Plaintiff also fails to allege any specific injury or disease Plaintiff sustained or received due to his incarceration but for being housed in the condemned facility. He therefore fails to state a claim.

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings (docket # 25) will be granted and Plaintiff's Complaint will be dismissed. Because Plaintiff is *pro se* and Rule 15 requires amendments be freely granted, the dismissal will be without prejudice **IF** Plaintiff timely files a First Amended Complaint on or before **February 16, 2007** (30 days) to cure the deficiencies outlined above. Absent good cause shown, if Plaintiff fails to timely file a First Amended Complaint on or before **February 16, 2007** (30 days), the dismissal shall be with prejudice without further notice to Plaintiff. No extension of this deadline will be granted.

1  The Clerk of Court shall mail Plaintiff a court-approved form to use for a first
2 amended complaint. If Plaintiff fails to use or follow the court-approved form, the Court may
3 strike the First Amended Complaint and dismiss this action with prejudice without further
4 notice to Plaintiff. Plaintiff must clearly designate on the face of the document that it is the
5 "First Amended Complaint." The First Amended Complaint must be retyped or rewritten in
6 its entirety and may not incorporate any part of the original Complaint by reference. Plaintiff
7 shall include only one claim per count.

8  A first amended complaint supersedes the original complaint. *Ferdik v.
9 Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992); *Hal Roach Studios v. Richard Feiner & Co.*,
10 896 F.2d 1542, 1546 (9th Cir.1990). After amendment, the Court will treat an original
11 complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in
12 the original complaint is waived if it is not raised in a first amended complaint. *King v.
13 Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987).

14  Accordingly,

15  **IT IS FURTHER ORDERED** that Defendant's Motion for Judgment on the
16 Pleadings (docket # 25) is **GRANTED** and Plaintiff's Complaint is hereby dismissed without
17 prejudice.

18  Dated this 16th day of January, 2007.

_____
Lawrence O. Anderson
United States Magistrate Judge